UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOEL THOENEN, | ) | CASE NO. 5:21-cv-1101 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff Joel Thoenen ("Thoenen") appeals from the decision of defendant Commissioner of Social Security ("Commissioner"), denying his Title II application for a period of disability and disability insurance benefits. (Doc. No. 1 (Complaint).) For the reasons set forth below, the Court reverses the Commissioner's decision and remands the matter to the Commissioner for further proceedings consistent with this decision.

**I.    BACKGROUND**

Thoenen filed his application on December 9, 2019. (Doc. No. 6, Transcript of Proceedings before Social Security Administration, (Application) at 165.[1]) The application sought to reopen a prior Title II application that was filed July 13, 2018 and denied August 23, 2018. (*Id.* (Administrative Decision) at 22.) In his reopened application, Thoenen alleged disability

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

beginning April 1, 2016. (*Id*.) The application was denied initially, and upon reconsideration. Thoenen requested a hearing before the Administrative Law Judge ("ALJ"). The hearing was conducted on August 13, 2020. (*Id*. (Hearing Transcript) at 41.) All participants, including Thoenen and his attorneys, participated remotely due to the COVID-19 pandemic. (*See id*. at 43.)

On October 8, 2020, the ALJ issued her decision. (*Id*. at 22–35.) As an initial matter, the ALJ found that Thoenen had presented new evidence, in the form of a series of compensation and pension examinations, to warrant re-opening the proceedings. (*Id*. at 22.) The ALJ then proceeded to the familiar five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). At step one of the sequential analysis, the ALJ found that Thoenen had not engaged in substantial gainful activity during the period from his alleged onset date of April 1, 2016 through March 31, 2018. (*Id*. at 25.) At step two, the ALJ found that Thoenen had severe impairments of "degenerative disc disease of the cervical, thoracic and lumbar spine, post-traumatic stress disorder, pervasive depressive disorder and generalized anxiety disorder[.]" (*Id*.) In addition to these severe impairments, the ALJ also determined that Thoenen suffered from the following nonsevere conditions: ankle instability, following surgery; post-surgical changes to his left shoulder; and irritable bowel syndrome. (*Id*.)

These impairments, the ALJ found, did not meet or equal any listed impairment. (*Id*. at 25–27.) Before proceeding to step four, the ALJ further determined that Thoenen had retained the residual functional capacity ("RFC") to perform a range of light work with certain limitations. (*Id*. at 27–33.) Specifically, the restrictions the ALJ incorporated into Thoenen's RFC were as follows:

> [T]he claimant may stand and/or walk, with normal breaks, for up to four hours in an eight-hour workday; the claimant must be afforded the opportunity to alternate between sitting and standing once each thirty minutes; the claimant may frequently climb ramps and stairs, but may never climb ladders, ropes or scaffolds; the

2

> claimant must avoid all exposure to unprotected heights or moving mechanical parts; the claimant is limited to the performance of simple, routine, repetitive tasks, completed in a setting free of production rate pace [as is found in assembly line work], which setting requires no more than occasional interaction with co-workers, supervisors or the public, which setting is routine, in that it contemplates few changes in workplace tasks and duties.

(*Id*. at 27–28.) At step four (based on the RFC), the ALJ determined that Thoenen was unable to perform any past relevant work. (*Id*. at 33.) Nonetheless, at step five, the ALJ concluded that Thoenen could perform a number of light duty jobs for which there was a significant number of jobs existing in the national economy and he was, therefore, not disabled. (*Id*. at 33–34.)

Thoenen timely filed the instant action seeking judicial review. Thoenen, represented by counsel, filed a brief on the merits (Doc. No. 9), and the Commissioner filed a response brief on the merits (Doc. No. 11) and a fact sheet (Doc. No. 12). In his merits brief, Thoenen argued that the ALJ erred in her determination of his severe impairments. (Doc. No. 9 at 4.) In particular, he complains that the ALJ failed to find that his left shoulder, right ankle, and tinnitus impairments were severe. He notes that the ALJ also failed to even mention a 2015 medical opinion authored by Dr. Metzger and failed to include limitations imposed in January 2016 by a consulting physician at the Veterans Administration. (*Id*. at 4–6.)

## II. STANDARD OF REVIEW

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486

F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544–46 (6th Cir. 2004)).

**III. DISCUSSION**

It is Thoenen's position that the ALJ erred "in finding [his] left shoulder impairment, right ankle impairment and tinnitus not severe." (Doc. No. 9 at 4.) He complains that the ALJ's analysis was minimal as to his impairments involving his left should and right ankle, and that the decision "is silent as to any analysis regarding [his] condition of tinnitus." (*Id*.) He insists that "had these additional impairments been considered severe and their effects properly considered, [his] RFC would have been more restrictive, and he may not have been able to perform the jobs cited by the [Vocational Expert at the hearing]." (*Id*. at 6.)

"In the Sixth Circuit, the severity determination is a 'de minimis hurdle in the disability process.'" *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) (quoting *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988)). The goal of the test at this stage in the proceedings "is to 'screen out totally groundless claims.'" *Id*. (quoting *Farris v. Sec'y of Health & Human Servs*., 773 F.2d 85, 89 (6th Cir. 1985)).

The Commission maintains that substantial evidence supports the ALJ's decision, and the Court does not take issue with that representation. Further, the Commissioner posits that any failure to find additional severe impairments at this screening step is "immaterial because the ALJ proceeded past step two and considered all of the established functional limitations, regardless of the severity of [Thoenen's] impairments." (Doc. No. 11 at 5, citing Doc. No. 6 at 25–33.) It is true that "'[t]he fact that some of [a claimant's] impairments were not deemed to be serve at step two is . . . legally irrelevant' where other impairments are found to be severe." *Emard v. Comm'r of Soc. Sec*., 953 F.3d 844, 852 (6th Cir. 2020) (quoting *Anthony*, 266 F. App'x at 457). This is because an ALJ must take into consideration *all* impairments, both severe and nonsevere, in

5

formulating the RFC. "An erroneous finding of nonseverity at step two is therefore harmless where the ALJ properly considers nonsevere impairments at later steps." *Id*. (citing *Maziarz v. Sec'y of Health & Human Servs*., 837 F.2d 240, 244 (6th Cir. 1987); *Gray v. Comm'r of Soc. Sec*., 365 F. App'x 60, 61 (9th Cir. 2010)).

An ALJ's RFC assessment is specifically governed by SSR 96-8p, which provides in relevant part:

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim. For example, in combination with limitations imposed by an individual's other impairments, the limitations due to such a "not severe" impairment may prevent an individual from performing past relevant work or may narrow the range of other work that the individual may still be able to do.

SSR 96-8p, 1996 WL 374184, at *5 (SSA July 2, 1996): *see also* 20 C.F.R. §§ 404.1545(e), 416.945(e) (noting that the Commissioner will consider all of a claimant's medically determinable impairments, even if they are not severe).

The Sixth Circuit recently clarified the requirements of SSR 96-8p in *Emard*. There, the court discussed the extent to which an ALJ must consider nonsevere impairments when crafting a claimant's RFC. Upholding the Commissioner's decision denying disability benefits, the Sixth Circuit emphasized that the ALJ conducted a detailed analysis of the claimant's nonsevere impairments at step two. *Emard*, 953 F.3d at 848–49. And "[a]lthough the ALJ did not specifically discuss the combined effect of [the claimant's] impairments or mention [the claimant's] nonsevere impairments in assessing his residual functional capacity, [the ALJ] stated that she had carefully considered the entire record and 'all symptoms' at this step in the process." *Id*. at 851. Further, the

6

court in *Emard* highlighted that "[d]istrict courts in this circuit have held an ALJ need not specifically discuss all nonsevere impairments in the [RFC] assessment *when the ALJ makes clear that her decision is controlled by SSR 96-8p*." *Id*. at 851–52 (emphasis added). As a result, the Sixth Circuit held that the ALJ's "express reference to SSR 96-8p, along with her discussion of the functional limitations imposed by Emard's nonsevere impairments at step two of her analysis," plus her subsequent assurance that she had "considered the entire record and 'all symptoms,'" provided a sufficient basis to conclude that the ALJ properly considered all of the plaintiff's impairments when crafting the RFC. *Id*.

Unfortunately, this Court is less confident that the ALJ's decision properly satisfied the requirements of SSR 96-8p. First, unlike the ALJ's decision in *Emard*, the ALJ's decision here fails to contain a discussion of the functional limitations imposed by all of Thoenen's nonsevere impairments at step two. With respect to the right ankle, the ALJ notes only that, following 2010 ankle surgery, "the claimant's ankle instability is now assessed as stable, with only occasional pain[.]" (Doc. No. 6 at 25.) Even less is noted with respect to the left shoulder, with the decision only commenting that, despite some "post-surgical changes," it was "otherwise unremarkable[.]"[2] (*Id*.) Significantly, no mention at all is made of the 2016 diagnosis of tinnitus, and it is not even identified as a nonsevere impairment at step two.

This lack of detail is especially troubling given that none of the nonsevere conditions at issue on appeal—right ankle impairment, left shoulder impairment, and tinnitus—are discussed in the RFC analysis. It is true that the ALJ specifically identifies the right ankle and left shoulder

---

[2] A third nonsevere impairment, irritable bowel syndrome, was identified by the ALJ. She noted that it was assessed in January 2018 "as quiet, and the only plan of treatment was the use of 'over-the-counter' suppositories on an 'as-needed' basis[.]" (*Id*.)

7

impairments as nonsevere impairments, and further indicates that she has "considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity." (*Id.*) The ALJ does not, however, expressly cite to SSR 96-8p, and given that at least one of the nonsevere impairments is not even mentioned at any point in the decision, the Court cannot find that the ALJ "ma[de] clear that her decision is controlled by SSR 96-8p." *Emard*, 953 F.3d at 851–52 (collecting cases).

Taken together, the record—specifically the lack of a reference to Thoenen's tinnitus or to SSR 96-8p, and the omission of a discussion of the functional limitations (if any) imposed by Thoenen's nonsevere impairments at step two—leaves the Court in doubt as to whether the ALJ followed the Social Security Administration's governing regulations. *See Rabbers*, 582 F.3d at 641 (remand is necessary where the ALJ fails to follow the regulations). Consequently, the Court finds that remand is necessary to allow for proper consideration of all of Thoenen's impairments in constructing the RFC so that the vocational expert can accurately portray Thoenen's limitations. *See, e.g., Langley v. Comm'r of Soc. Sec. Admin.*, No. 1:19-cv-2803, 2021 WL 1185474, at *2–3 (N.D. Ohio Mar. 30, 2021) (citing *Emard* and remanding Commissioner's decision where ALJ failed to reference SSR 96-8p and failed to adequately discuss the functional limitations imposed by the claimant's nonsevere migraines); *Buzzo v. Saul*, No. 2:19-cv-198, 2021 WL 932020, at *7 (E.D. Tenn. Mar. 11, 2021) (citing *Emard* and remanding where the court could not find that "the ALJ's step two analysis regarding [claimant's] migraines constitutes a discussion of the functional limitations imposed by the nonsevere impairment when the ALJ merely reviewed that the MRI [was unremarkable], that [claimant] received medication, and had not required emergency room treatment").

The Court recognizes that Thoenen's nonsevere conditions, even when properly considered in combination with his severe impairments, may not require additional workplace restrictions. This is especially true given that medical progress notes from 2020 indicate that Thoenen's tinnitus does not impact ordinary conditions of daily life.[3] (Doc. No. 6 at 600.) As the regulations make clear, however, while a nonsevere condition "standing alone may not significantly limit an individual's ability to [work], it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim." SSR 96-8p, 1996 WL 374184, at *5. Further, "it is for the ALJ to make this determination and provide an explanation in the first instance, not this Court." *See James v. Comm'r of Soc. Security*, No. 1:19-cv-570, 2020 WL 836493, at *11 (N.D. Ohio Feb. 20, 2020); *see, e.g., Harrington v. Saul*, No. 3:20-cv-852, 2021 WL 3174273, at *10 (N.D. Ohio July 9, 2021) (recognizing that claimant's chronic vomiting, even when considered in combination with other impairments, may not require any additional workplace restrictions, but finding that "the ALJ's failure to consider [claimant's] chronic vomiting at subsequent steps in the sequential evaluation is a legal error that nevertheless requires remand") (citation omitted).

Upon remand, the ALJ is directed to consider what functional limitations (if any) flow from all of Thoenen's impairments, including his tinnitus and other nonsevere impairments. Additionally, the ALJ should explain what if any weight she afforded the medical opinion of Dr. Metzger, as the Commissioner concedes that this medical opinion was not mentioned in the ALJ's initial decision, and it is unclear whether the omission was intentional or a matter of inadvertent oversight. (*See* Doc. No. 11 at 10.) *See also Smith v. Comm'r of Soc. Sec.*, No. 3:21-cv-1151, 2022

---

[3] Nevertheless, when Thoenen's tinnitus was evaluated in December 2015 it warranted a 62 on the Tinnitus Handicap Index, translating to a grade 4 severe handicap. (Doc. No. 6 at 324.) There is nothing in the record to suggest that the condition has resolved.

9

WL 2392048, at *9 (N.D. Ohio June 30, 2022) (citing *Shrader v. Astrue*, No. 11-13000, 2012 WL 5383120, at *6 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the court cannot determine if it was discounted or merely overlooked.")).

### IV. CONCLUSION

For the foregoing reasons, the Court hereby reverses the Commissioner's decision and remands the case for further proceedings consistent with this opinion.

**IT IS SO ORDERED**.

Dated: August 19, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**